[NOT FOR PUBLICATION-NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals
## For the First Circuit

No. 01-1888

HAROLD OMAR MACK,

Plaintiff, Appellant,

v.

MICHAEL T. MALONEY, ET AL.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Michael A. Ponsor, U.S. District Judge]

Before

Boudin, Chief Judge,
Campbell, Senior Circuit Judge,
and Lipez, Circuit Judge.

Harold Omar Mack on brief pro se.
Claudia A. Hunter, Kelly Kalandyk Smith and Hunter & Bobit, P.C. on brief for appellee.

March 28, 2002

**Per Curiam**.  Plaintiff/appellant Harold Mack filed this pro se action under 42 U.S.C. § 1983, complaining inter alia that he had been improperly treated with antipsychotic drugs while being detained prior to trial.  Eleven individuals were named as defendants.  In a June 14, 2001 order, the district court granted a motion to dismiss filed by one of the defendants (David Hammond, M.D.) and certified the matter for immediate appeal under Fed. R. Civ. P. 54(b).  We dismiss the appeal on the ground that the Rule 54(b) certification was improvidently granted.

Plaintiff's vague complaint has been construed as advancing three claims against defendant Hammond: (1) a federal constitutional claim;[1] (2) a claim for intentional infliction of emotional distress; and (3) a claim for medical malpractice. The third-listed claim was referred to a malpractice tribunal, see, e.g., Feinstein v. Massachusetts General Hosp., 643 F.2d 880 (1st Cir. 1981), which ruled in Hammond's favor.  When plaintiff failed to post the required bond, Hammond moved to dismiss the malpractice claim.  The district court, adopting the recommendation of a magistrate-judge, granted that motion and issued its Rule 54(b) certification.

---

[1]  The constitutional claim has been treated below as arising under the Eighth Amendment.  Yet given plaintiff's status as a pretrial detainee, it should probably instead be viewed as resting on the Due Process Clause.  See, e.g., Elliott v. Cheshire County, New Hampshire, 940 F.2d 7, 10 & n.2 (1st Cir. 1991).

In support of the court's certification, Hammond now asserts that its order not only disposed of the malpractice claim but "sua sponte" dismissed the other two claims as well. We disagree. The magistrate-judge stated that "any Eighth Amendment claims ... should survive" the motion to dismiss. Dkt. # 66, at 2 n.1. The district court made no mention of "modif[ying]" this aspect of the report, as Hammond argues; instead, it simply "adopted" the report "[f]or the reasons stated" therein. Dkt. # 69, at 1. Moreover, in later granting similar motions filed by six other defendants, the court explicitly stated that "the Eighth Amendment claims remain." Dkt. # 81 (margin order). There is no basis for suspecting that the court intended to treat Hammond's motion any differently than the others.

Accordingly, we think it clear that plaintiff's constitutional claim against Hammond remains unadjudicated.[2] This circumstance alone renders the certification "particularly suspect," Kersey v. Dennison Mfg. Co., 3 F.3d 482, 487 (1st Cir. 1993), since resort to Rule 54(b) will rarely be appropriate "when the contestants on appeal remain, simultaneously, contestants below," Spiegel v. Trustees of Tufts College, 843

---

[2] We need not decide whether the emotional-distress claim likewise remains pending, or whether it instead was effectively incorporated within the matters referred to the tribunal. Cf. Kapp v. Balantine, 380 Mass. 186, 190, 196 (1980) (suggesting that such a claim can properly be submitted to tribunal).

-3-

F.2d 38, 44 (1st Cir. 1988). Further, the "substantial ... prospect of contextual overlap" here between the certified and pending claims, Kersey, 3 F.3d at 487, counsels against interlocutory review.

The district court did not explain its reasons for the certification but almost certainly had in mind Hammond's assertion that the pending of the malpractice claim must be reported to his insurer and the State Board of Registration of Medicine until a final judgment is entered. We are not unsympathetic to this concern, but no financial consequences of reporting are alleged and, at least where related unadjusted claims are pending against the same defendant, it is unclear how interlocutory review of one claim would remove whatever cloud may exist.

The appeal is dismissed without prejudice for want of appellate jurisdiction. The case is remanded to the district court for further proceedings consistent with this opinion. No costs.